UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| JAMES BENVENUTO, | : | CASE NO. 3:19-cv-02353 |
| Petitioner, | : | ORDER |
|  | : | [Resolving Doc. 24] |
| v. | : |  |
| WARDEN NEIL TURNER, | : |  |
| Respondent. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In 2017, Ohio inmate James Benvenuto pleaded no contest to charges related to Benvenuto's illegal marijuana dispensary. Benvenuto operated a drive-through marijuana operation dealing in sequential small marijuana sales. Although Benvenuto dealt in small-quantity sales, an Ohio common-pleas court ran the large multiple fifth-degree-felony sentences consecutive and gave sentences totaling 34 years' incarceration.

Now, Benvenuto asks this Court for a writ of habeas corpus under 28 U.S.C. § 2254 and says that the Ohio proceedings violated his federal rights in four ways. First, Benvenuto says the Ohio court violated the Double Jeopardy Clause when it failed to merge certain offenses. Second, Benvenuto says that insufficient evidence supported his RICO conviction. Third, Benvenuto says his 34-year sentence amounts to cruel and unusual punishment and violates his federal due-process rights. Finally, Benvenuto asks this Court to review the state court's decision not to suppress evidence from a warrantless search.

Magistrate Judge Armstrong issued a Report and Recommendation that recommended

Case No. 3:19-cv-02353
GWIN, J.

either dismissing or denying each of Benvenuto's claims.[1]  Benvenuto timely objected.[2]

For reasons fully explained below, the Court **CONDITIONALLY GRANTS** a writ of habeas corpus.  Benvenuto may apply for release unless Ohio properly resentences Benvenuto under the Double Jeopardy Clause within 120 days.  Next, the Court **DENIES** Benvenuto's insufficient-evidence claim.  The Court **DISMISSES** without prejudice Benvenuto's disproportionate-sentencing claim so that Benvenuto can properly re-exhaust any newly available state-court remedies.  And the Court **DISMISSES** with prejudice Benvenuto's suppression claim.

## I. Legal Standard

AEDPA allows federal courts to grant relief for "extreme" constitutional "malfunctions" in a petitioner's state criminal proceedings.[3]  "[I]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions."[4]

AEDPA also gives state courts a chance to consider whether the state violated federal rights before an inmate may petition for federal habeas relief.[5] So, before this Court may consider Benvenuto's claims, Benvenuto must show that he has already exhausted his Ohio remedies by "fairly present[ing] his claim in each appropriate state court," "including a state supreme court with powers of discretionary review."[6]

A federal habeas corpus petition is not a "substitute for ordinary error correction

---

[1] Doc. 21.
[2] Doc. 24.  The State argues that Benvenuto's general objections related to the evidence-sufficiency and sentence-proportionality recommendations do not merit this Court's de novo review.  *See* Doc. 25.  Even assuming the State is right, the Court adopts the magistrate judge's recommendation to deny Benvenuto's evidence-sufficiency claim.  Further, the sentence-proportionality claim presents a threshold exhaustion issue, which the Court may raise sua sponte regardless of any recommendation.
[3] Brecht v. Abrahamson, 507 U.S. 619, 634 (1993).
[4] Stewart v. Winn, 967 F.3d 534, 541 (6th Cir. 2020) (citing Estelle v. McGuire, 502 U.S. 62, 67–68 (1991)).
[5] Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).
[6] Baldwin v. Reese, 541 U.S. 27, 29 (2004).

Case No. 3:19-cv-02353
GWIN, J.

through appeal."[7] So, the Court cannot grant habeas relief unless the state court applied federal law in an objectively unreasonable way.[8]

## II. Discussion

On August 9, 2016, police arrested Benvenuto and found marijuana and hashish in Benvenuto's Ohio scrap yard. Police also discovered security footage showing dozens of drug transactions between July 26 and August 9, 2016.[9] Based on the footage and drugs seized, the police suspected that Benvenuto had been operating an illegal drive-through marijuana dispensary in the scrap yard.

A grand jury indicted Benvenuto for 53 fifth-degree-felony marijuana sales and one third-degree-felony marijuana sale. The indictment further alleged three third-degree felonies for possessing leaf marijuana, edible marijuana, and hashish. Finally, the indictment alleged that Benvenuto had engaged in a pattern of corrupt activity (commonly, a "RICO" charge), a first-degree felony.[10] The RICO charge largely relied upon the marijuana-sales operation as predicate background.

Benvenuto moved to suppress arguably illegally obtained evidence.[11] Believing the evidence should have been suppressed, Benvenuto sought to appeal the suppression motion but the prosecutor insisted Benvenuto give up the suppression appeal in any guilty plea agreement. To keep the right to appeal the suppression ruling, Benvenuto pled no-contest and an Ohio common-pleas court accepted Benvenuto's no-contest plea.[12] At sentencing,

---

[7] Harrington v. Richter, 562 U.S. 86, 102–03 (2011).
[8] Williams v. Burt, 949 F.3d 966, 974 (6th Cir. 2020).
[9] Doc. 6-2 at 36-37 (PageID 492-93).
[10] Doc. 6-1 at 4 (PageID 78) (Indictment).
[11] *Id.* at 36 (PageID 110) (Order Denying Suppression).
[12] Doc. 6-2 at 161 (PageID 617) (Plea Colloquy).

Case No. 3:19-cv-02353
GWIN, J.

the trial court decided that none of Benvenuto's offenses merged under Ohio law.[13] The trial court found Benvenuto guilty on all counts and sentenced Benvenuto to a mixture of concurrent and consecutive incarceration terms totaling 34 years.[14]

### A. Double Jeopardy

First, Benvenuto says the trial court violated Benvenuto's federal double-jeopardy right by failing to merge Benvenuto's third-degree-felony charges. The magistrate judge recommends denying this ground as meritless. The Court agrees that the Double Jeopardy Clause permits Benvenuto's separate convictions for marijuana possession, marijuana trafficking, and hashish possession.

But Benvenuto's cumulative punishments for possessing edible and leaf marijuana violate the Double Jeopardy clause. So, the Court partially sustains Benvenuto's objection on this ground.

The indictment alleged two third-degree-felony counts of violating Ohio's marijuana-possession provision.[15] At sentencing, the State explained that one count related to edible marijuana and the other count related to leaf marijuana.[16] Law enforcement found the marijuana giving rise to both counts at the scrap yard during the August 9 search.[17] The trial court found that no counts merged and sentenced Benvenuto to consecutive three-year sentences for the edible- and leaf-marijuana-possession counts.[18]

On direct appeal, Ohio's Fifth District Court of Appeals affirmed. The appeals court said that it was "unable to conduct a merger analysis …, in part because of the limited record

---

[13] *Id.* at 240 (PageID 696).
[14] *Id.* at 196, 245 (PageID 652, 701).
[15] Doc. 6-1 at 19–20 (PageID 93–94).
[16] Doc. 6-2 at 216–20. (PageID 672–76)
[17] *See id.*
[18] *Id.* at 240–241 (PageID 696–97).

Case No. 3:19-cv-02353
GWIN, J.

... ."[19] The appeals court also noted that Benvenuto's trial counsel had not raised any merger objection.[20]

By affirming Benvenuto's sentence, the appeals court unreasonably applied clearly established federal law.

Under the Double Jeopardy Clause, a defendant may not be convicted twice for the same offense.[21] Ordinarily, double-jeopardy questions arise when multiple statutory provisions punish the same conduct. "[W]here the same act or transaction" violates more than one statutory provision, a defendant may be convicted of counts under each provision if "each provision requires proof of a fact which the other does not."[22] Ultimately, the double-jeopardy inquiry asks whether the legislature has authorized cumulative punishments for the same conduct.[23]

Both of Benvenuto's marijuana-possession counts arose out of the same conduct—possessing marijuana on August 9, 2016, at the scrap yard. So, Benvenuto may be convicted of both counts only if the Ohio legislature authorizes cumulative punishments for edible and leaf marijuana. It does not.

Instead, Ohio provides only one punishment for each occasion on which a defendant knowingly possessed "marihuana or a compound, mixture, preparation, or substance containing marihuana ... ."[24] Because Ohio's legislature has not authorized cumulative

---

[19] State v. Benvenuto, 3rd Dist. Allen No. 1-17-39, 2018-Ohio-2242 ¶ 43. The appeals court did not give any examples of what facts, if present, would have allowed the court to conduct the merger analysis.
[20] *Id.*
[21] U.S. CONST. AMEND. V, cl. 2.
[22] Missouri v. Hunter, 459 U.S. 359, 366 (1983) (quoting Blockburger v. United States, 284 U.S. 299 (1932)). *See also* Gamble v. United States, 139 S. Ct. 1960, 1980 (2019) ("[A]n 'offence' for double jeopardy purposes is defined by statutory elements, not by what might be described in a looser sense as a unit of criminal conduct.").
[23] *Hunter*, 459 U.S. at 366. ("With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.").
[24] R.C. § 2925.11(C)(3).

- 5 -

Case No. 3:19-cv-02353
GWIN, J.

punishments when a defendant simultaneously possesses both edible and leaf marijuana, Benvenuto's separate punishments for the marijuana-possession counts violate the Double Jeopardy Clause.

Conversely, Ohio's legislature has authorized cumulative punishment for marijuana and hashish possession. Ohio law typically defines "marihuana" to include hashish, a concentrated resin made from cannabis plants.[25] But Ohio exempts hashish from its criminal marijuana-possession provision and instead prohibits hashish possession under a separate provision.[26] To obtain a conviction under the hashish-possession provision, the State must prove that the defendant knowingly possessed hashish, rather than any other form of marijuana. So, a defendant may properly be convicted under the Double Jeopardy Clause for simultaneous marijuana and hashish possession.

Similarly, Ohio's drug-trafficking provision requires the State to prove that the defendant "distribute[d]" the drug.[27] The drug-possession provision does not. So, the Double Jeopardy Clause does not prohibit separate punishments for the possession and trafficking counts.[28]

Because the Double Jeopardy Clause required the state court to merge Benvenuto's third-degree marijuana-possession charges, the Court sustains this objection and conditionally grants a writ of habeas corpus. If Ohio does not resentence Benvenuto consistent with the Double Jeopardy Clause within 120 days, Benvenuto may apply for

---

[25] R.C. § 3719.01(M) ("Marihuana means all parts of a plant of the genus cannabis," including "*the resin extracted from a part of a plant of that type*; … ." (emphasis added)); *see also* R.C. § 2925.01(Z) ("'Hashish' means a resin or a preparation of a resin … derived from any part of the plant of the genus cannabis … .").

[26] *Compare* R.C. § 2925.11(C)(7) (hashish provision), *with* R.C. § 2925.11(C)(3) (marijuana provision); *see also* R.C. § 2925.01(AA) ("'Marihuana' has the same meaning as in [Ohio's healthcare laws], except that it does not include hashish.").

[27] R.C. § 2925.03.

[28] *See* Albernaz v. United States, 450 U.S. 333 (1981) ("[A] conspiratorial agreement which envisages both the importation and distribution of marihuana violates both statutory provisions, each of which authorizes a separate punishment.").

Case No. 3:19-cv-02353
GWIN, J.

release.

## B.  Evidence Sufficiency

Next, Benvenuto argues that the state court unreasonably decided that sufficient evidence supported the RICO conviction.  The Court disagrees and overrules Benvenuto's objection.

To evaluate an evidentiary sufficiency claim, federal habeas courts examine whether "any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution."[29]  But even when a habeas court "conclude[s] that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, … [it] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable."[30]

In Ohio, when a defendant pleads no contest, he admits to every fact alleged in the indictment.[31]

Ohio's RICO provision requires the state to prove that a defendant committed two or more predicate acts.  The predicate acts cannot be "so closely related to each other and connected in time and place that they constitute a single event."[32]

According to Benvenuto, the trial court decided that Benvenuto's marijuana-possession counts, hashish-possession count, and third-degree marijuana-trafficking count sustained the RICO charge.  But each of those counts arose at the same time and place.  So, Benvenuto says, the acts are too closely related to sustain a RICO conviction.

If the indictment contained only those four counts, Benvenuto might have a point.

---

[29] Brown v. Konteh, 567 F.3d 191, 205 (6th Cir. 2009).
[30] *Id.*
[31] OHIO CRIM. R. 11(B)(2).
[32] R.C. § 2923.31(E).

- 7 -

Case No. 3:19-cv-02353
GWIN, J.

Unfortunately for Benvenuto, each of the indictment's 53 fifth-degree drug-trafficking counts also qualifies as a predicate offense under Ohio law.[33] Indeed, the Ohio Court of Appeals affirmed the RICO conviction because "the indictment contains sufficient facts to establish a pattern of corrupt activity spanning across multiple dates."[34]

Because the appeals court's decision was reasonable, the Court overrules Benvenuto's objection and adopts the recommendation to deny this ground on the merits.

## C. Sentence Proportionality

Next, Benvenuto argues that the 34-year aggregate sentence is so disproportionate to his crimes that the sentence amounts to cruel-and-unusual punishment under the Eighth Amendment. Benvenuto further claims that the trial court imposed a lengthy sentence because Benvenuto chose to preserve the right to appeal the trial court's unfavorable suppression decision. According to Benvenuto, any punishment for preserving the issue for appeal violates his due-process rights under the Fourteenth Amendment.

The magistrate judge recommends denying this ground for relief on the merits. But because Benvenuto must exhaust newly available state remedies before this Court may consider Benvenuto's federal claims, the Court dismisses this ground for relief without prejudice. Benvenuto can, and must, renew this claim to the Ohio courts to exhaust the claim.

Newly available state remedies generally require a petitioner to re-exhaust state proceedings before a federal habeas court may consider any federal claim.[35] When a "constitutional claim arises from the alleged deprivation by state courts of rights created

---

[33] *See* R.C. § 2923.31(I)(2)(c) (noting that any violation of the drug-trafficking statute (R.C. § 2925.03) counts as a predicate offense).
[34] State v. Benvenuto, 3rd Dist. Allen No. 1-17-39, 2018-Ohio-2242 ¶ 34.
[35] The Court may raise the exhaustion requirement sua sponte. *See Granberry v. Greer*, 481 U.S. 129, 133–34 (1987).

Case No. 3:19-cv-02353
GWIN, J.

under state law" and the state's interpretation of the state right changes after the petitioner files for federal relief, "the proper course for the district court is to remand the case to the state system."[36]

Benvenuto sought both direct-appellate and postconviction relief in Ohio courts. On October 26, 2021, when the Ohio Supreme Court declined jurisdiction over Benvenuto's state postconviction appeal,[37] Benvenuto had exhausted his then-available state remedies.

But in December 2022, the Ohio Supreme Court issued a decision that calls Benvenuto's aggregate sentence into question under Ohio law. *State v. Gwynne*[38] clarified that under the Ohio consecutive-sentencing law, a trial court cannot impose consecutive sentences unless it first considers the aggregate sentence's proportionality to the defendant's crime.[39] Further, *Gwynne* clarified that Ohio appeals courts must consider any consecutive-sentencing decision de novo and vacate any consecutive-sentencing decision that the record clearly and convincingly rebuts.[40]

The state record suggests that neither the trial court's nor the appeals court's decision complied with the consecutive-sentencing statute as construed in *Gwynne*. At sentencing, the trial court did not mention the 34-year aggregate total at all, much less examine a 34-year sentence's proportionality.[41] And on appeal, the panel did not review the consecutive-sentencing decision de novo. Instead, the appeals court asked only whether the trial court made "seriousness findings" required to impose a greater-than-minimum sentence for any

---

[36] Drennon v. Hess, 642 F.2d 1204 (10th Cir. 1981) (quoting Mabry v. Klimas, 448 U.S. 444 (1980)).
[37] State v. Benvenuto, 175 N.E.3d 571 (Ohio 2021) (table).
[38] 2022-Ohio-4607.
[39] *Id.* ¶ 12.
[40] *Id.*
[41] *See* Doc. 6-2 at 205–50 (PageID 661–706). Although the trial court briefly found that Benvenuto qualified for some consecutive sentencing, those findings did not address any proportionality. *See id.* at 245 (PageID 701).

- 9 -

Case No. 3:19-cv-02353
GWIN, J.

one count.[42]

Of course, federal habeas courts cannot grant relief based on any potential state-law errors. But Benvenuto's constitutional challenge to his sentence's motive and proportionality arises from Ohio's purported failure to comply with its own consecutive-sentencing laws. Now that the Ohio Supreme Court has clarified Ohio's sentencing law's proper interpretation, federalism and comity require this Court to allow Ohio the first chance to correct any proportionality errors in Benvenuto's sentence.[43]

So, the Court dismisses this ground for relief without prejudice. Benvenuto may refile any remaining federal proportionality claims after making *Gwynne* arguments in state courts.

### D. Suppression

Last, Benvenuto challenges the trial court's decision not to suppress evidence found at the scrap yard. Benvenuto says that officers did not obtain a search warrant before searching the scrap yard and that no exigent circumstances justified a warrantless search.

The magistrate judge recommends that because federal habeas courts cannot reexamine state suppression claims, the should Court dismiss this claim. The Court agrees.

Federal courts generally may not grant habeas relief because a state court admitted evidence that should have been suppressed under the exclusionary rule.[44] A narrow exception exists, however, if the state did not provide "an available avenue … to present [a

---

[42] State v. Benvenuto, 3rd Dist. Allen No. 1-17-39, 2018-Ohio-2242 ¶ 51. Soon after the Third District's decision, the Ohio Supreme Court rejected the same analysis in a 2019 *Gwynne* opinion. *See* State v. Gwynne, 141 N.E.3d 169, 173 (Ohio 2019) (holding that a challenge to consecutive sentences' aggregate length required "an analysis entirely different from" the statutory seriousness findings).

[43] Whether Benvenuto will likely prevail in Ohio courts does not excuse exhaustion. *See* Engle v. Isaac, 456 U.S. 107 (1982) ("[A petitioner] may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon further reflection, that the contention is valid.").

[44] *See generally* Stone v. Powell, 428 U.S. 465, 489–95 (1976) (deciding that the exclusionary rule's deterrence rationale did not apply in the habeas context).

- 10 -

Case No. 3:19-cv-02353
GWIN, J.

suppression] claim to the state courts."[45] But federal habeas courts cannot make "an inquiry into the adequacy of the procedure actually used to resolve that particular claim."[46]

Here, Ohio's courts allowed Benvenuto to move to suppress the evidence from the search. Ohio also allowed Benvenuto to appeal the trial court's decision denying that motion. Benvenuto's claim therefore challenges only Ohio's procedure's adequacy—which this Court may not review.[47]

### III. Conclusion

For the foregoing reasons, the Court **CONDITIONALLY GRANTS** a writ of habeas corpus. Benvenuto may apply for release unless Ohio properly resentences Benvenuto under the Double Jeopardy Clause within 120 days. Next, the Court **DENIES** Benvenuto's insufficient-evidence claim. The Court **DISMISSES** without prejudice Benvenuto's disproportionate-sentencing claim so that Benvenuto can properly re-exhaust any state-court remedies. And the Court **DISMISSES** with prejudice Benvenuto's suppression claim.

Finally, the Court certifies, under 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[48]

IT IS SO ORDERED.

Dated: March 30, 2023       *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[45] Good v. Berghuis, 729 F.3d 636 (6th Cir. 2013).
[46] *Id.*
[47] *See id.* at 640.
[48] 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).